UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-40149-FDS

TODD W. WILLIAMS

v.

GUY W. GLODIS

ORDER

SEPTEMBER 1, 2005

ZOBEL, D.J.

For the reasons stated below, the Court conditionally grants the plaintiff's motion to proceed in forma pauperis, orders that summons be issued, and orders the defendant to file a report on the plaintiff's medical history by September 12, 2005.

BACKGROUND

On August 30, 2005, plaintiff Todd W. Williams, commenced an action under 42 U.S.C. § 1983 against Guy W. Glodis, superintendent of the Worcester County Jail and House of Correction in West Boylston, Massachusetts, where Williams is currently incarcerated. In his complaint, Williams alleges that the defendant is not providing him with urgently needed mental health care. Williams also represents that he attempted to commit suicide in June 2005 and that he is currently on a suicide watch. The plaintiff states that he "should be transferred forthwith to a facility where he can receive adequate psychiatric care, treatment and habilitation." Compl. ¶ 17. He "demands judgment against the defendant for damages and such other relief as the Court deems just." Id. ¶ 19.

Williams also filed an application to proceed without prepayment of the $250.00 fee assessed for commencing a civil action, in which indicates that he does not have any liquid or non-liquid assets. He did not, however, file a six-month prison account statement.

## DISCUSSION

A party bringing a civil action must either (1) pay the $250.00 filing fee when filing the complaint; or (2) file an application to proceed without prepayment of the filing fee. See 28 U.S.C. § 1914(a) (filing fees); § 1915 (proceedings in forma pauperis). Where the plaintiff is a prisoner, an application for waiver of the filing fee must be accompanied by a document certifying the amount of funds on deposit to the plaintiff's credit at his institution of incarceration. See 28 U.S.C. § 1915(a).[1] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the $250 filing fee, notwithstanding the grant of in forma pauperis status. Rather, prisoner plaintiffs must pay the full amount of the filing fee, although such payments may be made in installments, payable through their prison accounts in accordance with the provisions of § 1915(b).

Because of the nature of Williams' allegations and because he has reported that he is without assets, the Court will conditionally grant his application to proceed in forma pauperis even though he has not submitted a certified six-month prison account statement. This will allow for a summonses to issue and for the plaintiff to direct the

---

[1] For the convenience of litigants, this court provides a standardized form for fee waiver applications, in which the applicant is directed to attach a ledger sheet from the institution of incarceration showing prison account transactions for the six months prior to the date of the complaint.

U.S. Marshal to serve the complaint.  Nonetheless, within forty-two (42) days of the date of this order, Williams must either file the six-month prison account statement required under 28 U.S.C. § 1915(a)(2) or pay the $250.00 filing fee.  <u>Failure to take either course of action within the prescribed time period will be grounds for dismissal regardless of the any proceedings that may have already occurred.</u>

The Clerk shall also forward to defendant Glodis and to the Worcester County Sheriff's Office a copy of the complaint and of this Order.  Notwithstanding the rulings above, and without waiver of personal service, defendant Glodis shall file a responsive pleading setting forth the plaintiff's medical history, current medical condition, and treatment program, by September 12, 2005.

## CONCLUSION

ACCORDINGLY, the Court

(1) conditionally grants the plaintiff's application to proceed <u>in forma pauperis</u>;

(2) orders the plaintiff to submit, within forty-two (42) days of the date of this order, the six-month prison account statement required under 28 U.S.C. § 1915(a)(2) or payment for the $250.00 filing fee;

(3) orders that the Clerk issue summonses and the United States Marshal serve a copy of the summons, complaint, and this Order upon defendant Glodis as directed by plaintiff with all costs of service to be advanced by the United States;

(4) orders that the defendant file a responsive pleading setting forth the plaintiff's medical history, current medical condition, and treatment program by September 12, 2005.

SO ORDERED.

| | |
|---|---|
| September 1, 2005 | /s/ Rya W. Zobel |
| DATE | RYA W. ZOBEL |
| | UNITED STATES DISTRICT JUDGE |

3